698 So.2d 423 (1997)
Clifton J. ARABIE and Elizabeth Ann Arabie
v.
R.J. REYNOLDS TOBACCO COMPANY, et al.
No. 96-CA-978.
Court of Appeal of Louisiana, Fifth Circuit.
June 30, 1997.
*424 Barry J. Landry, Becnel, Landry & Becnel, Reserve, for Plaintiffs-Appellants.
James L. Piker, George R. Covert, Baton Rouge, for plaintiffs-appellants.
Martin E. Golden, Kantrow, Spaht, Weaver & Blitzer, Baton Rouge, for plaintiff-intervenor-appellant.
Robert E. Winn, Sally A. Shushan, Joy G. Braun, John W. Hite, III, Sessions & Fishman, L.L.P., New Orleans, for defendant-appellee.
Before GRISBAUM, GOTHARD and CANNELLA, JJ.
GRISBAUM, Judge.
This appeal relates to the trial court's grant of a motion for summary judgment. We affirm.

FACTS AND PROCEDURAL HISTORY
In October 1993, Clifton Arabie and his wife, Elizabeth Ann, filed suit against the R.J. Reynolds Tobacco Company("R.J.Reynolds"), Liggett & Meyers Tobacco Company, Inc.("Liggett"), American Tobacco Company ("American"), and Avondale Industries ("Avondale"), seeking damages for Mr. Arable's lung cancer. The plaintiffs contended Mr. Arable's cancer resulted from his exposure to the tobacco smoke of cigarettes sold by the defendant tobacco companies as well as his exposure to asbestos through the negligence of Avondale.
In December 1993, the trial court granted a defense exception of vagueness and gave the plaintiffs 30 days to amend their petition to set forth, with particularity, their allegations of fraud and battery. Further, the trial judge ordered, based upon the plaintiffs' assertions that they had abandoned it, the express warranty claim dismissed with prejudice. In January 1994, the plaintiffs filed their first amended petition. In April 1994, the plaintiffs dismissed R.J. Reynolds and Liggett from the suit. In December 1994, Principal Health Care of Louisiana, Inc. intervened in this matter, adopting the plaintiffs' allegations as its own, seeking recovery of all health benefits paid to Mr. Arabie arising from his respiratory disease.
On or about December 4, 1994, Mr. Arabie died. In April 1994, the plaintiffs amended their petition to substitute the children as plaintiffs with their mother in this matter. In November 1995, the plaintiffs filed a third amending petition seeking damages for wrongful death.
In September 1995, the plaintiffs filed a motion dismissing Avondale from this suit, leaving American the only remaining defendant in this matter. That same month, American filed a motion for summary judgment, stating that the Louisiana Products Liability Act provided the plaintiffs with their exclusive remedy, and, since plaintiffs' claims were not included in the above-mentioned *425 act, the defendants were entitled to judgment as a matter of law. The plaintiffs responded by declaring that the law of the case was not the Louisiana Products Liability Act but, rather, the law in existence prior to the enactment of that law because of the "long latency period" of the onset of Mr. Arable's cancer. After a hearing on the matter, the trial court held that the law of this case was the Louisiana Products Liability Act and granted American's motion for summary judgment.

ISSUE
The single issue presented is whether the trial court erred in finding that La. R.S. 9:2800.52 et seq., commonly called the Louisiana Products Liability Act, to be the exclusive remedy.

Law
The Louisiana Products Liability Act provides "the exclusive theories of liability for manufacturers for damage caused by their products." La. R.S. 9:2800.52. There are four theories on which one may base liability under this Act: (1) unreasonably dangerous in construction or composition, (2) unreasonably dangerous in design, (3) unreasonably dangerous because of inadequate warning, and (4) unreasonably dangerous because of nonconformity to express warranty. La. R.S. 9:2800.55-58. The legislature added this law by Acts 1988, No. 64, § 1, and it became effective September 1, 1988.
In a case directly on point and noted by the trial judge, the federal Fifth Circuit, in Brown v. R.J. Reynolds Tobacco Co., et al., 52 F.3d 524 (5th Cir.1995), held that the Louisiana Products Liability Act applied in that matter and that summary judgment had been properly granted because there was no evidence that the plaintiff in that matter "sustained injury, latent or otherwise, before the LPLA's effective date." Brown, 52 F.3d at 530.
Analysis
The doctors diagnosed Mr. Arabie's cancer in November 1992, some four years after the enactment of the Louisiana Products Liability Act. The plaintiffs argue that Mr. Arabie's cancer is the result of his 35-year addiction to cigarettes and, therefore, using the rationale of Cole v. Celotex Corp., et al., 599 So.2d 1058 (La.1992), pre-LPLA law should control. However, the plaintiffs failed to introduce a single piece of evidence to corroborate their theory. In fact, every one of their experts stated unequivocally that they could not say when the damage to Mr. Arabie's lungs began.
In the final analysis, there is no evidence in this record that Mr. Arabie sustained injury, latent or otherwise, prior to 1988, the effective date of the Louisiana Products Liability Act. Likewise, we note that the theories of recovery listed by the plaintiffs in their petition for damages are not among those listed as exclusive theories of liability in the Louisiana Products Liability Act. Ergo, it is clear that the trial judge correctly applied that Act by granting the defendant's motion for summary judgment.
For the reasons assigned, the trial court's judgment is hereby affirmed. All costs of this appeal are to be assessed against the appellants.
AFFIRMED.